BRADLEY *et al. v.* MATTHEWS, executor, *et al.*

The trial judge did not err in his decision upon the construction of the
will in question.

No. 898. DECEMBER 11, 1918.

Petition for construction and direction. Before Judge Meldrim.
Chatham superior court. January 30, 1918.

*G. H. Richter* and *E. S. Elliott,* for plaintiffs in error.

*Saussy & Saussy* and *James R. Cain,* contra.

ATKINSON, J. The will of Lemuel C. Downs, in items 3, 4,
7, 8, 9, and 10, provided for specific bequests, to which further
reference need not be made. In so far as necessary to be stated,
other items of the will were as follows:

"Fifth Item. I give my grandniece, the minor daughter of my
deceased nephew, Elias Bradley, the sum of five hundred ($500)
dollars in full of all interest in my estate. If she be not living
at the time of my death, this sum shall be paid to the remaining
heirs of my sister, Sarah A. Bradley.

"Sixth Item. I give the sum of five hundred ($500) dollars to
my grandnephew, Warner Reaves, the son of my niece, Alice Brad-
ley. If he be not living at the time of my death, then this bequest
shall be paid to the remaining heirs of my sister, Sarah A. Bradley.
In either event I will and direct that the amounts of bequests left
to my grandniece in item five (5) and to my grandnephew in item
sixth of this my will shall be counted as a part of, and deducted
from, the general share and distributive portion of my estate here-
inafter left to the heirs of my deceased sister, Sarah A. Bradley.

"Eleventh Item. After paying the specific bequests named in
items third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth,
I will and direct that there shall be paid out of my estate to the
six next kin or branches of my own relations, that is: (*a*) To my
brother E. C. Downs; (*b*) To the heirs of my deceased brother
W. A. Downs; (*c*) To the heirs of my deceased sister Sarah A.
Bradley; (*d*) To the heirs of my deceased sister Nancy Jane
Mabry; (*e*) To my sister Mrs. Lula Thomas; (*f*) To the children
of my brother Henry Downs. Each branch such equal sums and
amounts as shall have been distributed by the executors of my wife
out of her estate to the two branches of her relations, namely the
Parnell Branch and to the Greenleaf Branch. That is, I wish and
direct that my brother E. C. Downs, the heirs of my deceased
Brother W. A. Downs, the heirs of my deceased sister Sarah A.

Bradley, the heirs of my deceased sister Nancy Jane Mabry, my sister Mrs. Lula Thomas, and the heirs of my brother Henry Downs, each receive per stirpes as large an amount and sum of money from my estate as 'shall have been distributed by the executors of my wife out of her estate to her two sisters' children, namely to her nephews C. H. and J. S. Greenleaf, and to her nephew Albert Parnell, and the trustee for Mrs. Ora Parnell and her children, including the specific bequest herein made to the nephews of my said wife in the items seventh, eighth, ninth, and tenth of this my will, so that the respective distributive shares received by the six branches of my relations and the two branches of my wife's relations out of the two estates shall be equal and alike in amount.

"Twelfth Item. After paying all specific bequests heretofore made and after the distribution provided in item eleven shall have been made, if there be any residue or remainder then I will and direct that it shall be divided into equal parts and distributed one part or share each: (1) To my brother E. C. Downs, or his issue. (2) To the heirs of my deceased brother W. A. Downs. (3) To the heirs of my deceased sister Sarah A. Bradley. (4) To the heirs of my sister Nancy Jane Mabry. (5) To the children of Henry Downs. (6) To my sister Mrs. Lula Thomas. (7) To the nephews of my wife, J. S. and C. H. Greenleaf. (8) And to the nephew of my wife, Albert Parnell, and the trustee for the widow and children of Joseph Parnell."

Electa Bradley was the grandniece of the testator, referred to in the fifth item of the will, being the daughter of Elias Bradley, deceased, who was a son of Sarah A. Bradley, the sister of the testator. Alice Bradley, the mother of Warner Reaves, referred to in the sixth item of the will, was a daughter of the same Sarah A. Bradley. Sarah A. Bradley predeceased the testator, and at the time of the death of the testator there were five classes of persons representing the heirs and representatives of heirs of Sarah A. Bradley. Electa Bradley represented one of these classes, and Warner Reaves another. In the suit by the executors for direction it was contended by some of the members of another class, representing heirs of Sarah A. Bradley, that Electa Bradley and Warner Reaves, upon a proper construction of the will, were not entitled to any portion of the estate of the testator, except five hundred dollars each, specially mentioned in items five and six of the

will.   The case was submitted to the judge, upon the pleadings and evidence, for decision without a jury.

Construing the will, considered in its entirety, the judge did not err in holding that Electa Bradley and Warner Reaves were not limited to the special legacies mentioned in items five and six, but that each was entitled to one fifth of that portion of the estate of testator devised to the heirs of Sarah A. Bradley under the eleventh and twelfth items of the will.

*Judgment affirmed.   All the Justices concur.*